IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES W. HINSHAW,

    Plaintiff,

vs.                                                                                                                                                       No. CIV 24-1245 JB\SCY

KAREN L. TOWNSEND &
MICHAEL PATRICK SANCHEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Charles W. Hinshaw's failure to prosecute his Prisoner Civil Rights Complaint, filed December 12, 2024 (Doc. 1)("Complaint"). The Honorable Steven Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Hinshaw to submit an inmate account statement, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiencies, filed May 13, 2025 (Doc. 5)("Cure Order"). Because Hinshaw has not complied with the Cure Order, the Court dismisses this case without prejudice.

## BACKGROUND

Hinshaw commenced this case on December 12, 2024, while incarcerated at the Northeast New Mexico Detention Facility in Clayton, New Mexico. See Complaint at 1. Construed liberally, the Complaint alleges violations of Hinshaw's Constitutional rights relating to charges brought against him in State Court. See Complaint ¶ C, at 2. Hinshaw filed two Motions for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with the Complaint. See Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed December 12, 2024 (Doc. 2; Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 12, 2024 (Doc. 3)("IFP Motions"). Hinshaw does not attach to either IFP Motion "a certified copy

of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2). Section 1915(a)(2) requires the 6-month account statement in all cases where, as here, "[a] prisoner seek[s] to bring a civil action without prepayment of fees of security therefor . . . ." 28 U.S.C. § 1915(a)(2).

The Court referred this matter to Magistrate Judge Yarbrough for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed December 13, 2024 (Doc. 4). By an Order entered May 13, 2025, Magistrate Judge Yarbrough directs Hinshaw to submit an inmate account statement reflecting transactions for a 6-month period. See Cure Order at 1. Magistrate Judge Yarbrough sets a deadline of June 12, 2025, for Hinshaw to submit the account statement. Cure Order at 1. The Cure Order warns that the failure to comply timely may result in the dismissal of this action without further notice. See Cure Order at 1.

Hinshaw has not submitted the 6-month account statement, shown cause for this failure, or otherwise responded to the Cure Order. The Court therefore considers whether to dismiss this case for failure to prosecute and to comply with the Court's rules and the Cure Order.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion

to dismiss, the Rule has long been interpreted to permit courts to dismiss actions <u>sua sponte</u> for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." <u>Davis v. Miller</u>, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d 1158, 1162 (10th Cir. 2016)("<u>Nasious</u>").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  <u>Nasious</u>, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  <u>Nasious</u>, 492 F.3d at 1162.

Here, Hinshaw has not filed a 6-month inmate account statement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require.  In light of this failure, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute and comply with rules and orders.  See <u>Olsen v. Mapes</u>, 333 F.3d 1199 at 1204.  After considering the <u>Nasious</u>, factors, the dismissal will be without prejudice, The Court also denies Hinshaw's pending IFP Motions, which are now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner Civil Rights Complaint, filed December 12, 2024 (Doc. 1), is dismissed without prejudice; (ii) the Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed December 12, 2024 (Doc. 2),

- 4 -

and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 12, 2024 (Doc. 3), are denied as moot; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Charles W. Hinshaw
Clayton, New Mexico

    *Plaintiff pro se*